# CHARLESTON.

STREET *v*. PARSONS, JUDGE, *et al.*

Submitted January 11, 1911.   Decided January 24, 1911.

1.   JUSTICES OF THE PEACE—*Right to Appeal—Judgment on Award.*
    Section 95, ch. 50, Code 1906, denies the right of appeal from
    the judgment of a justice rendered on award, unassailed; but
    an appeal does lie to the circuit court from the judgment of
    a justice refusing, on motion of appellant, made within four-
    teen days after the rendition of the judgment, to set aside an
    award and judgment thereon, for cause, as provided by
    section 94, of said chapter.

Petition by E. A. Street for writ of prohibition to W. A. Par-
sons, Judge of the Circuit Court, and another.

                                      *Writ Refused.*

*Bruce Ferrell,* for petitioner.

*J. M. Hamilton,* for respondent Shaffer.

MILLER, JUDGE:

We are asked, upon a rule to show cause against it, to award
a writ prohibiting Hon. W. A. Parsons, Judge of the circuit court
of Calhoun county, and J. F. Shaffer, from proceeding to try an
appeal by the latter from the judgment of a justice of that
county rendered in a suit brought by petitioner against him.

The ground alleged is that the judgment of the justice
appealed from was rendered upon the award of arbitrators, to
whom, by agreement of the parties in writing, the cause was
submitted to arbitration, and that as section 95, ch. 50, Code
1906, provides that "No appeal shall be granted or allowed from
the judgment of a justice rendered on an award," the circuit
court has absolutely no jurisdiction in the premises.

The answer of respondents in substance is, that the appeal
was not from the judgment of the justice on the award, but
from his judgment on the motion of petitioner, made within
fourteen days after the date of the judgment, as provided by
section 94, of said ch. 50, Code 1906, refusing, for the cause
shown, to set aside the award and judgment.   Said section pro-
vides: "Every judgment on such award shall conclude the rights

of the parties, unless within fourteen days from the rendition of such judgment, it be made to appear to the satisfaction of the justice, that the award was obtained by mistake, fraud, corruption, or other undue means. In such case, the award and judgment may be set aside by the justice, and the cause be tried as if the arbitration had not been agreed upon." As section 95 stood in the Code prior to the Act of 1881, it read: "No appeal shall be granted to the circuit court from a judgment of a justice rendered on an award as aforesaid, unless the party praying such appeal makes oath that he believes such award to have been obtained by mistake, fraud, corruption or other undue means.".

The order of the justice as it appears on the transcript from the docket exhibited with the return of respondent Shaffer, taken by itself, shows that the motion made was to set aside the judgment, and not the award and judgment, as the said section 94 seems to contemplate. But the grounds assigned for the motion were those, or some of them, on which this statute authorizes the justice on motion to set aside the award and judgment, and we think, taking the whole record together, including the appeal bond, it clearly appears that the motion actually made was to set aside the award and judgment.

Now while said section 95 says that "no appeal shall be granted or allowed from the judgment of a justice rendered on an award," does not an appeal lie to the judgment of a justice refusing to set aside the award and judgment, for cause shown, as provided by section 94? The justice may for such cause set aside an award and judgment thereon within fourteen days, though an appeal does not lie from his judgments generally after ten days from the date of their rendition, except upon petition to the circuit court, appellant shows good cause why an appeal was not taken within ten days. If the contention of petitioner be true that the circuit court is without jurisdiction of an appeal from the order of the justice refusing to set aside an award and judgment for cause, then there would be no relief against his erroneous judgment, and the party injuriously effected would be forever precluded thereby, unless a court of equity, notwithstanding the adverse judgment of the justice, could afford him relief. We think section 95 was intended to deny an appeal only where the judgment stands on an award unassailed. No valid reason can be assigned for a different con-

struction of the statute. So we think an appeal does lie from the judgment of the justice on the motion made under said section 94. Mr. Hutchinson in his West Virginia Treatise, section 105, so concludes, and we think rightly concludes, that an appeal does lie.

We therefore deny the writ.                *Writ Refused.*